The opinion of the Court was delivered by
PocrrÉ, J.
The facts of this controversy are as follows:
On September 25th, 1880, plaintiff filed a suit for debt against the defendant, and the suit was allotted to Division B. of the Civil District Court.
On November 26th, 1880, defendant filed his application for a respite, and an order suspending proceedings against him was issued on the same day from Division E., to which those proceedings had been allotted.
On December 2, 1880, defendant moved, in Division B., that plaintiff’s suit be cumulated with the proceedings for respite in Division E., and his motion was overruled.
On February 35, 1881, judgment was rendered in Division B. against defendant, who had filed in that court, on November 15, 1880, an answer and a plea in reconvention, and on May 11, 3881, execution issued on said judgment.
On May 20th, 1881, a judgment was rendered by Division E., refusing a respite to Ramelli, but ordering a cession of his property for the benefit of his creditors ; and on June 1, 1881, a provisional syndic was appointed to administer his estate.
Now, on June 7th, 1881, on motion of the provisional syndic, who recited all the foregoing facts and proceedings, and alleged the absolute nullity of the judgment against Ramelli, an order was rendered in Division B., in the absence of the Judge thereof, by the Judge of Division E., quashing the writ of fi. fa. issued on May 11, 1881, and setting aside all seizures made thereunder.
The present appeal was taken from that order, which is alleged to be illegal, null and void, because it was granted ex parte, without notice to Barjourin, and by an incompetent Judge.
Under the view which we take of the proceeding, we shall treat the order or decree as though it had been rendered by the Judge of Division B. himself, and even with that concession, we cannot escape the conclusion that such an order, which is equivalent to a decree setting aside a judgment previously rendered by the Court, could not be made ex parte, without notice on, or hearing of the party in interest.
*556 Act 86 of 1870, on which, appellee relies, does not bear him out, and has no application to such a proceeding.
That Act was intended to prevent a conflict of jurisdiction between the several courts of this State, and to that ond it prohibited a Judge from issuing any order, writ or .decree which would, in any manner, interfere with, or interrupt proceedings in a cause pending in another court, and it required the Judge, in such cases, to revoke, either at chambers or in open court, any such order or decree 1¡}ras illegally rendered.
We see nothing in tho Act to justify or warrant any Judge, to annul or set aside, ex- parte, a judgment previously rendered by him contradictorily between the parties, under the circumstances of this case. The authorities quoted by appellee turn upon cases in which an appeal was taken from judgments rendered under similar circumstances ; but in this case no appeal was taken from the judgment complained of, the attempt being mado to avoid its effect by means of an ex parte order, in a proceeding absolutely irregular, unwarranted bylaw, and therefore null and void. 1 M. 193; 3 M. 39; 2 N. S. 163.
It is, therefore, ordered, that, the decree of June 7th, 1881, quashing tho writ of fieri facias issued in this ease be annullod, avoided and reversed, and that tho parties be restored to the position which they occupied previous to the issuance of said order, at the costs of appellee.